1. Majority opinion of *People* v. *Cross* (1971), 30 Mich App 326, adopted, see headnotes 1 through 13 in that case.

DISSENTING OPINION

BLACK, T. E. BRENNAN, and SWAINSON, JJ.

2. CONSTITUTIONAL LAW—APPEAL AND ERROR—CRIMINAL LAW—APPEAL OF RIGHT—TIME LIMIT.

Michigan, in the absence of any overriding decision of the United States Supreme Court, is free to set, as it has done, a fair time limit upon each and every constitutionally provided appeal as a matter of right (Const 1963, art 1, § 20).

3. CRIMINAL LAW—APPEAL AND ERROR—TRANSCRIPTS—RECORDS OF CASE—APPEAL OF RIGHT—DELAYED APPEAL.

Defendant, having not complied with the General Court Rules nor having cited any case in the United States Supreme Court directly in point requiring the state to furnish transcripts and records to a convicted defendant, was not entitled to free copies of the circuit court records of his case where he filed his petition for free records 90 days after sentencing, but failed to show that the delay in filing was not due to his culpable negligence and failed to show that he had a meritorious basis for either post-conviction motions or an appeal when he had been informed by the trial court at sentencing of his constitutional right to appellate review, free counsel and records to perfect such appeal if indigent, that such petition must be filed within 60 days to be timely and failure

---

REFERENCES FOR POINTS IN HEADNOTES

[1]   (no reference)
[2, 6]  4 Am Jur 2d, Appeal and Error § 292 *et seq.*
[3, 5, 7]  21 Am Jur 2d, Criminal Law § 233.
[4]  14 Am Jur 2d, Certiorari § 75.

*to timely file would result in loss of the right to timely appeal, free counsel and records, which rights defendant stated he understood.*

4. CERTIORARI—DENIAL—MERITS OF CASE.

*Denial of certiorari by the United States Supreme Court imports no expression of opinion upon the merits of the case.*

5. CRIMINAL LAW—INDIGENT CONVICT—RECORDS OF CASE—PUBLIC EXPENSE.

*Until the Michigan Supreme Court is told otherwise, there is no good reason why it should decree that a procrastinating indigent convict may, without design of exposition aimed either at the merits or proffer of excuse for delay, receive at public expense the free delivery of copies of records pertaining to his conviction.*

6. APPEAL AND ERROR—DELAYED APPEAL—INDIGENT APPELLANT.

*The rich must resort to the court rule concerning delayed appeal for relief after having failed to review on time and so must the indigent; the only obligation of the Michigan Supreme Court is to see that both are treated alike without regard for the availability of cash (GCR 1963, 806.2 et seq.).*

7. CRIMINAL LAW—CONSTITUTIONAL LAW—INDIGENT DEFENDANTS—RECORDS OF CASE—DELAYED APPEAL—MERIT IN APPEAL—LACK OF CULPABLE NEGLIGENCE.

*A defendant alleging indigency was denied no constitutional right by the denial of his delayed petition for free circuit court records of his case for he, no more than the dallying millionaire, may put public officers and employees to work preparing copies of those records solely for his whim as both must show merit and no culpable negligence as required by court rules (GCR 1963, 806.3, 806.4).*

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and Holbrook and T. M. Burns, JJ., granting superintending control over Genesee, Elza H. Papp, J. Submitted September 17, 1971. (No. 52 June Term 1971, Docket No. 53,284.) Decided November 9, 1971.

30 Mich App 326 affirmed.

Everett V. Cross was convicted, on his plea of guilty, of unlawfully driving away an automobile. Defendant's motion for free records of the case and free transcripts of his trial to perfect a delayed appeal denied. Defendant filed a complaint for writ of *habeas corpus* in the Court of Appeals. Defendant's complaint treated as a complaint for a writ of superintending control ordering the granting of free records and transcripts. Superintending control granted. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Assistant Prosecuting Attorney, for the people.

Everett V. Cross, *in propria persona.*

PER CURIAM. We hereby adopt the opinion of Chief Judge LESINSKI in this case (reported at 30 Mich App 326, 330–347 [1971]) as the opinion of this Court.

Affirmed.

T. M. KAVANAGH, C. J., and ADAMS, T. G. KAVANAGH, and WILLIAMS, JJ., concurred.

BLACK, J. (*dissenting*). I agree with dissenting Judge HOLBROOK (*People* v. *Cross* [1971], 30 Mich App 326, 347, 348) that the way to present the reviewable question with the precision it deserves is as follows:

"Is a convicted criminal defendant entitled to free copies of the circuit court records of his case where the trial court at sentencing informed him in open court as well as in writing of his constitutional right

to appellate review; free counsel and records to perfect such appeal if indigent, and that such petition must be filed with the trial court within 60 days of sentencing to be timely, and failure to timely file would result in loss of the right to timely appeal, free counsel and records, and appellant stated that he understood those rights, but where defendant files his petition for free records 90 days after sentencing, but fails to show that the delay in filing was not due to his culpable negligence, and fails to show that he has a meritorious basis for either post-conviction motions or an appeal?"

*People* v. *Cross* was submitted to Division 2 November 24, 1970 and decided February 11, 1971. These dates considered, it is possible that the Sixth Circuit opinion of *Bentley* v. *United States,* 431 F2d 250, decided September 2, 1970, was not brought to the attention of Division 2 prior to release of its cited opinion. *Bentley* at least is not mentioned either in the majority or minority opinion below.

Since *Bentley* furnishes what to me is sufficient guidance so far as Mr. Cross' Federal constitutional rights are concerned, I hold that the majority below erred in ruling as it did (pp 345, 346) :

"Admittedly, there is no decision of the United States Supreme Court, nor of either appellate court of this state, which specifically deals with the rights of an indigent seeking leave to take a delayed appeal from his conviction under the provisions of GCR 1963, 803.3, and GCR 1963, 806.4(2), or under any like provisions in any other state. This is undoubtedly because the Michigan provision for delayed appeal is *sui generis.* However, considering the wide range of post-conviction situations in which the United States Supreme Court had held that denial of a transcript constitutes denial of equal protection of the laws, we cannot say that the Michigan

provision for delayed appeal does not come within the ambit of the *Griffin* principle."

In the absence of any overriding decision of the United States Supreme Court, this state is free to set as it has done a fair time limit upon each and every constitutionally provided (Const 1963, art 1, § 20) "appeal as a matter of right". That this state has done. Judge HOLBROOK was therefore right when he concluded (p 352):

"Defendant having not complied with the General Court Rules nor having cited any case in the United States Supreme Court directly in point requiring the state to furnish transcripts and records to a defendant under similar circumstances, I would rule as did the trial court and affirm."

Now for *Bentley*. The opinion commences (p 251):

"The sole question posed by this appeal is whether or not appellant is entitled to be furnished a copy of the transcript of his trial in order to search for as yet unasserted grounds for filing a motion for postconviction relief under 28 U.S.C. § 2255 (1964). Appellant relies for an affirmative answer upon *Griffin* v. *Illinois,* 351 U.S. 12, 76 S. Ct. 585, 100 L. Ed. 891 (1955), and its progeny."

It concludes (p 254):

"We conclude that if the Supreme Court desires now to hold that a prior showing of need cannot constitutionally be made a requisite for a free transcript for an indigent who desires to file a § 2255 petition, this case affords a wholly appropriate vehicle to do so.

"If this decision is made affirmatively, Congressional appropriations will be required to finance some considerable expansion of the reportorial and

stenographic services available to the District Courts. Our Circuit can, of course, decide the right to transcripts. But under the existing shortage of reportorial and secretarial services in this Circuit, we cannot deliver many of them. It seems appropriate to us under these circumstances to adhere to this Circuit's past decisions until and unless the Supreme Court invalidates on constitutional grounds the existing issue and need requirements of the statute set forth above."

February 22, 1971 the Supreme Court denied *Bentley's* petition for certiorari to review the judgment of the Sixth Circuit, 401 US 920 (91 S Ct 907, 27 L Ed 2d 823). Recognizing that the denial of certiorari "imports no expression of opinion upon the merits of the case, as the bar has been told many times." (*United States* v. *Carver* [1923], 260 US 482, 490 [43 S Ct 181, 67 L Ed 361]), I conclude that the opinion of the Sixth Circuit with its invitation to employ *Bentley* as "a wholly appropriate vehicle," coupled with the Supreme Court's turndown of that invitation, leaves the courts of the states free to apply their own wholesome processes to cases of instant nature.

Until we are told otherwise, there is no good reason why this Court should decree that a procrastinating indigent convict may, without deign of exposition aimed either at the merits or proffer of excuse for delay, receive at public expense the free delivery of copies of records pertaining to his conviction. When the rich must resort to Rule 806.2 *et seq.* for relief after having failed to review on time, so must the indigent do so. Our only obligation is to see that both are treated alike without regard for the availability of cash.

The sum of all this is that Mr. Cross has been denied no constitutional right. He, no more than

the dallying millionaire convict, may put public officers and employees to work preparing copies solely for his whim. Let both show merit under GCR 1963, 806.3 and no culpable negligence under GCR 1963, 806.4 and each on the basis of repeated judicial assurances may expect equal justice, *under law.*

I would reverse with remand for entry of judgment upholding the order of the circuit court.

T. E. BRENNAN and SWAINSON, JJ., concurred with BLACK, J.