PEOPLE v CASTON

Docket No. 192629. Submitted January 6, 1998, at Detroit. Decided February 27, 1998, at 9:05 A.M. Leave to appeal sought.

Samuel Caston, having been convicted and sentenced for possession of cocaine, carrying a concealed weapon, felonious assault, and possession of a firearm during the commission of a felony, and having not pursued an appeal as of right or a timely appeal by leave granted, filed a motion in the Detroit Recorder's Court for postappeal relief pursuant to Subchapter 6.500 of the Michigan Court Rules. The court, Terrance K. Boyle, J., denied the defendant's request for free transcripts of his trials, ruling that the defendant had failed to establish good cause as required by MCR 6.443(C)(3). The defendant appealed by leave granted, arguing that the good-cause requirement of MCR 6.443(C)(3) violates constitutional guarantees of equal protection, due process, and effective assistance of counsel.

The Court of Appeals *held*:

1. While equal protection requires that a destitute defendant be afforded as adequate appellate review as a defendant with means, it does not require the government to furnish to the indigent a delayed duplicate of a right of appeal with attendant free transcript that it offered in the first instance, even though a defendant of means might well decide to purchase such a transcript. The good-cause requirement comports with fair procedure and is not so arbitrary and unreasonable as to require its invalidation.

2. The defendant's choice to forgo direct appeals with attendant free transcripts affected his due process claim in the same way as his equal protection claim. The availability of the direct appeals provided the defendant with adequate opportunities to attack his convictions.

3. The defendant's claim of ineffective assistance of counsel is without merit. While a defendant has a constitutional right to effective assistance of appellate counsel in a first appeal as of right, there is no constitutional right to counsel in a postconviction proceeding under MCR 6.501 *et seq*. Also, counsel was appointed for the defendant for an appeal of the denial of free transcripts, but not in connection with an appeal related to the trials.

Affirmed.

1. Criminal Law — Postappeal Relief — Trial Transcripts — Good Cause — Constitutional Law — Equal Protection — Due Process.

   The requirement that an indigent defendant pursuing postappeal relief in the form of a trial court motion for relief from judgment show good cause for granting a request for a free trial transcript does not violate equal protection or due process (MCR 6.443[C][3], 6.501 *et seq.*).

2. Criminal Law — Assistance of Appellate Counsel — Constitutional Law — Postappeal Relief.

   A defendant has a constitutional right to effective assistance of appellate counsel when pursuing a first appeal as of right, but not when pursuing postappeal relief (MCR 6.501 *et seq.*).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Carlyon M. Breen*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Debra A. Butierrez*), for the defendant on appeal.

Before: Kelly, P.J., and Hood and Gribbs, JJ.

Kelly, P.J. Defendant appeals by leave granted from an order denying his request for transcripts in order to facilitate his pursuit of postconviction remedies. We affirm.

Defendant was convicted by a jury of possession of cocaine, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v), and carrying a concealed weapon, MCL 750.227; MSA 28.424. Thereafter, in a separate proceeding, he was convicted of felonious assault, MCL 750.82; MSA 28.277, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He was sentenced to imprisonment of one to four years for felonious assault and two years for

felony-firearm and to concurrent terms of one to four years for possession of cocaine and one to five years for carrying a concealed weapon.

Defendant did not appeal his convictions as of right or file a timely application for leave to appeal. Approximately two years after he was sentenced, defendant, acting pro se, filed an affidavit of indigency and a motion requesting copies of all lower court documents and transcripts of all lower court proceedings. The motion did not identify any specific reason for requesting the materials, other than to state that they were needed to "pursue further post-conviction remedies."[1] The trial court granted defendant's request for copies of all lower court documents, but denied his request for transcripts, indicating that whether defendant was entitled to transcripts was governed by MCR 6.433(C)(3) and that defendant had failed to establish good cause to justify the preparation of the transcripts at state expense, as required by the court rule.

Subsequently, defendant, acting pro se, filed with this Court an application for leave to appeal, which was granted by this Court.[2]

Defendant now claims that the "good cause" requirement of MCR 6.433(C)(3) violates his constitutional rights to equal protection and due process. We disagree.

---

[1] In his application for leave to appeal and supporting brief filed in this Court, defendant stated that he did not initially file an appeal as of right or seek appointment of counsel because of "the inability to read and write and to fully understand the process of appeal." We note that defendant did not assert a claim of illiteracy or lack of understanding in his lower court motion for production of transcripts or supporting documents.

[2] We remanded for the appointment of appellate counsel.

Under MCR 6.433, a trial court's obligation to provide an indigent defendant with a transcript varies, depending on whether the transcript is desired to pursue, (1) an appeal as of right, (2) an appeal by leave, or (3) other postconviction relief. Under MCR 6.433(A), when an indigent defendant desires a transcript in order to pursue an appeal as of right, the court "must order the preparation of the transcript" upon request. Similarly, under MCR 6.433(B)(1)-(3), when an indigent defendant "who may file an application for leave to appeal" requests a transcript in order to prepare the application, the court "must order the materials transcribed and filed with the court" and the "court clerk must [then] provide a copy to the defendant." At issue here is MCR 6.443(C), which applies when a transcript is requested in connection with other postconviction proceedings:

(C) Other Postconviction Proceedings. An indigent defendant who is not eligible to file an appeal of right or an application for leave to appeal may obtain records and documents as provided in this subrule.

(1) The defendant must make a written request to the sentencing court for specific court documents or transcripts indicating that the materials are required to pursue postconviction remedies in a state or federal court and are not otherwise available to the defendant.

(2) If the documents or transcripts have been filed with the court, the clerk must provide the defendant with copies of such materials without cost to the defendant.

(3) *The court may order the transcription of additional proceedings if it finds that there is good cause for doing so.* After such a transcript has been prepared, the clerk must provide a copy to the defendant.

(4) Nothing in this rule precludes the court from ordering materials to be supplied to the defendant in a proceeding under subchapter 6.500. [Emphasis added.]

Specifically, relying on *Griffin v Illinois*, 351 US 12; 76 S Ct 585; 100 L Ed 891 (1956), and its progeny, defendant argues that the "good cause" requirement contained in MCR 6.433(C)(3) violates his constitutional rights to equal protection because it denies an indigent defendant, such as himself, the same access to transcripts as a defendant with money. Defendant further argues that the denial of a free transcript amounts to denial of meaningful access to the appellate courts, thereby violating his due process rights.

In *Griffin*, the United States Supreme Court held that once a state establishes appellate review in a criminal case, it may not constitutionally foreclose indigents from access to any phase of the process because of their poverty. *Griffin*, *supra* at 19. Thus, the Court stated that "[d]estitute defendants must be afforded as adequate appellate review as defendants who have money to buy transcripts." *Id.* The Court indicated, however, that it was not holding that the state must provide a transcript in every case where a defendant cannot afford one, because there may be "other means of affording adequate and effective appellate review to indigent defendants." *Id.* at 20.

Defendant cites several cases in which the Supreme Court has applied its holding in *Griffin* to strike down state laws or practices that deny indigent defendants the same access to transcripts as paying defendants. Most of the cases cited involve application of the *Griffin* principles to legal proceedings or classifications that are not relevant to this case.[3]

---

[3] See, e.g., *Roberts v LaVallee*, 389 US 40; 88 S Ct 194; 19 L Ed 2d 41 (1967) (statute requiring payment of certain fees for a preliminary hearing transcript, as applied to deny a free transcript to an indigent defendant, violates equal protection); *Williams v Oklahoma City*, 395 US 458; 89 S Ct

However, defendant cites two other cases, *Draper v Washington*, 372 US 487; 83 S Ct 774; 9 L Ed 2d 899 (1963), and *Eskridge v Washington State Bd of Prison Terms & Paroles*, 357 US 214, 216; 78 S Ct 1061; 2 L Ed 2d 1269 (1958), in which the Supreme Court struck down as unconstitutional state laws that authorized a trial judge to furnish an indigent defendant with free transcripts only if the judge found that an appeal would not be frivolous, *Draper, supra*, or that "justice will thereby be promoted," *Eskridge, supra* at 214. Both *Draper* and *Eskridge* were decided in the context of an appeal as of right. The Supreme Court noted that, where an appeal as of right is provided by state law, *Griffin* commands that "[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts." *Draper, supra* at 488; *Eskridge, supra* at 216. The Supreme Court in *Eskridge* held that the conclusion of the trial judge that justice would not be served "cannot be an adequate substitute for the right to full appellate review

1818; 23 L Ed 2d 440 (1969) (statute that effectively grants right of appeal only to defendants who are able to pay for a transcript violates Fourteenth Amendment); *Gardner v California*, 393 US 367; 89 S Ct 580; 21 L Ed 2d 601 (1969) (in context of California's habeas corpus procedure, where state prisoner could not appeal the denial of habeas corpus relief in the trial court, but could file a new petition in an intermediate appellate court, denial of free transcript of the trial court habeas corpus hearing violated the prisoner's constitutional rights); *Long v Dist Court of Iowa*, 385 US 192; 87 S Ct 362; 17 L Ed 2d 290 (1966) (a state must furnish a free transcript of a habeas corpus proceeding to an indigent prisoner for use on appeal where a transcript can reasonably be made available and no adequate alternatives are made available by the state); *Mayer v Chicago*, 404 US 189; 92 S Ct 410; 30 L Ed 2d 372 (1971) (an indigent's right to a free transcript is the same for both felony and nonfelony cases); *Burns v Ohio*, 360 US 252; 79 S Ct 1164; 3 L Ed 2d 1209 (1959) (whether an appeal is discretionary or as of right does not affect an indigent's right to a free transcript).

to all defendants in Washington who can afford the expense of a transcript." *Eskridge, supra* at 216. Similarly, in *Draper,* the Supreme Court stated: "What was impermissible was the total denial to petitioners of any means of getting adequate review on the merits in the State Supreme Court, when no such clog on the process of getting contentions before the State Supreme Court attends the appeals of defendants with money. *Draper, supra* at 498.

Defendant also cites *Lane v Brown,* 372 US 477; 83 S Ct 768; 9 L Ed 2d 892 (1963). In *Lane,* the defendant was convicted of murder in Indiana and his conviction was affirmed on appeal. The defendant then filed a petition for writ of error coram nobis and was denied relief. Although state law permitted an appeal from the denial of a writ of error coram nobis, the filing of a transcript was required in order to confer jurisdiction upon the appellate court, and only the public defender was authorized to procure a transcript, within the public defender's discretion. In summarizing this procedure, the Supreme Court noted, "[t]he upshot is that a person with sufficient funds can appeal as of right . . . but an indigent can, at the will of the Public Defender, be entirely cut off from any appeal at all." *Id.* at 481. The Supreme Court declared this procedure unconstitutional, stating:

> The provision before us confers upon a state officer outside the judicial system power to take from an indigent all hope of any appeal at all. Such a procedure, based on indigency alone, does not meet constitutional standards. [*Id.* at 485.]

Here, unlike the procedure in *Lane,* MCR 6.433(C)(3) does not "confer upon a state officer

outside the judicial system" the decision regarding the provision of a transcript. Rather, the decision rests with the trial court. This case also differs from *Lane* in that defendant here is not seeking a transcript of the postconviction proceeding, but of the underlying trial proceedings. Furthermore, unlike *Draper* and *Eskridge*, this case does not involve a request for a transcript in the context of an appeal as of right. Rather, because defendant failed to pursue an appeal as of right when he had the opportunity to do so, and because the time limitations for filing an application for leave to appeal have expired, defendant's convictions are reviewable only in accordance with subchapter 6.500 of the Michigan Court Rules, dealing with postappeal relief. MCR 6.501; *People v Kincade (On Remand)*, 206 Mich App 477, 482; 522 NW2d 880 (1994). In this context, this case resembles *United States v MacCollum*, 426 US 317; 96 S Ct 2086; 48 L Ed 2d 666 (1976), a case in which the Supreme Court upheld the constitutionality of a federal statute that conditioned an indigent defendant's right to a transcript in a postconviction proceeding on a judicial finding that the asserted claim was not frivolous and that the transcript was necessary to decide the issue.

The defendant in *MacCollum* was convicted of uttering forged currency but did not appeal his conviction. Approximately two years later, the defendant filed a motion seeking postconviction relief under 28 USC 2255 and requesting a transcript of the trial proceedings. The motion alleged that the defendant had been denied the effective assistance of counsel at trial, that the evidence at trial was insufficient to support his conviction, and that a transcript was necessary to " 'frame [the] arguments for fair and effective

review.' " *MacCollum, supra* at 319-320. The trial court denied the defendant's request for a free transcript under 28 USC 753(f), which provides that an indigent defendant asserting a claim under § 2255 is entitled to a free transcript only if the judge certifies that the asserted claim is "not frivolous" and that the transcript is "needed to decide the issue." The Supreme Court upheld the constitutionality of § 753(f), explaining:

> Respondent urges that . . . the statute . . . violates both the Due Process Clause of the Fifth Amendment and his right to "equal protection."
>
> The Due Process Clause of the Fifth Amendment does not establish any right to an appeal, see *Griffin v Illinois,* 351 US 12, 18 [76 S Ct 585; 100 L Ed 891; 55 ALR2d 1055] (1956) (plurality opinion), and certainly does not establish any right to collaterally attack a final judgment of conviction. In this case respondent was granted a statutory right of appeal without payment of costs if he were an indigent, and had he pursued that right § 753 (f) would have authorized the use of public funds to furnish him a transcript of the trial proceedings without any further showing on his part. Having forgone this right, which existed by force of statute only, he may not several years later successfully assert a due process right to review of his conviction and thereby obtain a free transcript on his own terms as an ancillary constitutional benefit. The conditions which Congress had imposed on obtaining such a transcript in § 753 (f) are not "so arbitrary and unreasonable . . . as to require their invalidation," *Douglas v California,* 372 US 353, 365 [83 S Ct 814; 9 L Ed 2d 811] (1963) (Harlan, J., dissenting); rather they "comport with fair procedure," *id.,* at 357 (Court's opinion).
>
> Although the statutory conditions established in § 753 (f) with respect to furnishing a free transcript to movants in § 2255 proceedings are therefore consistent with the due process requirements of the Fifth Amendment, it is undoubtedly true that they place an indigent in a somewhat

less advantageous position than a person of means. But neither the Equal Protection Clause of the Fourteenth Amendment, nor the counterpart equal protection requirement embodied in the Fifth Amendment, guarantees "absolute equality or precisely equal advantages," *San Antonio School Dist v Rodriguez*, 411 US 1, 24 [93 S Ct 1278; 36 L Ed 2d 16] (1973). In the context of a criminal proceeding they require only "an adequate opportunity to present [one's] claims fairly . . . ." *Ross v Moffitt*, 417 US 600, 616 [94 S Ct 2437; 41 L Ed 2d 341] (1974).

In *Douglas v California, supra,* the Court held that the State must provide counsel for an indigent on his first appeal as of right. But in *Ross v Moffitt, supra,* we declined to extend that holding to a discretionary second appeal from an intermediate appellate court to the Supreme Court of North Carolina. We think the distinction between these two holdings of the Court is of considerable assistance in resolving respondent's equal protection claim. Respondent in this case had an opportunity for direct appeal, and had he chosen to pursue it he would have been furnished a free transcript of the trial proceedings. But having forgone that right, and instead some years later having sought to obtain a free transcript in order to make the best case he could in a proceeding under § 2255, respondent stands in a different position.

The Court has held that when a State grants a right to collateral review, it may not deny the right to an indigent simply because of an inability to pay the required filing fee, *Smith v Bennett*, 365 US 708 [81 S Ct 895; 6 L Ed 2d 39] (1961). There is no such impediment here; respondent was permitted to proceed *in forma pauperis* in his § 2255 action. The Court has also held that a State may not confide to the public defender the final decision as to whether a transcript shall be available to the criminal defendant who collaterally attacks his conviction. *Lane v Brown*, 372 US 477 [83 S Ct 768; 9 L Ed 2d 892] (1963). There the Court observed that the state provision "confers upon a state officer outside the judicial system power to take from an indigent all hope of any appeal at all." *Id.*, at 485.

The congressional statute governing the furnishing of free transcripts to plaintiffs in § 2255 actions has no such infirmity. The decision as to the provisions of the transcript at public expense is made initially by an official at the very heart of the judicial system—a district judge in the judicial district in which the § 2255 plaintiff was tried. The district court has the power to order a free transcript furnished if it finds that the "suit . . . is not frivolous and that the transcript is needed to decide the issue presented . . . ." 28 USC § 753 (f).

We think that the formula devised by Congress satisfies the equal protection component of the Fifth Amendment. Respondent chose to forgo his opportunity for direct appeal with its attendant unconditional free transcript. This choice affects his later equal protection claim as well as his due process claim. Equal protection does not require the Government to furnish to the indigent a delayed duplicate of a right of appeal with attendant free transcript which it offered in the first instance, even though a criminal defendant of means might well decide to purchase such a transcript in pursuit of relief under § 2255. The basic question is one of adequacy of respondent's access to procedures for review of his conviction, *Ross v Moffitt, supra,* and it must be decided in the light of avenues which respondent chose not to follow as well as those he now seeks to widen. We think it enough at the collateral-relief stage that Congress has provided that the transcript be paid for by public finds if one demonstrates to a district judge that his § 2255 claim is not frivolous, and that the transcript is needed to decide the issue presented. [*MacCollum, supra* at 323-326.]

We believe the foregoing rationale is equally applicable to this case. Here, as in *MacCollum,* defendant had the opportunity to pursue an appeal as of right, but neglected to do so. Also, defendant's transcript request was made in pursuit of postconviction relief under MCR 6.501 *et seq.,* which is similar in structure to the postconviction procedures contained in 28 USC 2255. As the Supreme Court observed in *MacCollum,*

in this context, "[e]qual protection does not require the Government to furnish to the indigent a delayed duplicate of a right of appeal with attendant free transcript which it offered in the first instance, even though a criminal defendant of means might well decide to purchase such a transcript." *MacCollum, supra* at 325-326. Therefore, *MacCollum* supports the conclusion that MCR 6.433(C)(3), by requiring an indigent defendant to demonstrate "good cause" to obtain a transcript in a postconviction proceeding, does not violate defendant's right to equal protection, even though a defendant with funds might decide to purchase a transcript.[4]

Defendant argues that, because he has not previously received appellate review of his convictions, his "current appellate attempt should be treated as an appeal by right." However, as the Supreme Court in *MacCollum* observed:

> Respondent chose to forgo his opportunity for direct appeal with its attendant unconditional free transcript. *This choice affects his later equal protection claim as well as his due process claim.* Equal protection does not require the Government to furnish to the indigent a delayed duplicate of a right of appeal with attendant free transcript which it offered in the first instance, even though a criminal

---

[4] We note that *People v Bass (On Rehearing)*, 223 Mich App 241; 565 NW2d 897 (1997), lv gtd 456 Mich 851 (1997), is distinguishable from the instant case. In *Bass*, this Court held that another portion of MCR 6.433 was unconstitutional, that being subsection D, involving production of the transcript of jury voir dire. However, this Court did not hold that the court rule was unconstitutional on the ground that it violated the defendant's right to equal protection. On the contrary, the panel expressly concluded that the court rule "do[es] not violate defendant's right to equal protection." *Bass, supra* at 258. The finding of unconstitutionality in *Bass* was premised upon a determination that the court rule was unconstitutional because it violated the defendant's right to effective assistance of counsel.

defendant of means might well decide to purchase such a transcript in pursuit of relief under § 2255.

*    *    *

... We conclude that the fact that a transcript was available had respondent chosen to appeal from his conviction, and remained available on the conditions set forth in § 753 to an indigent proceeding under § 2255, afforded respondent an adequate opportunity to attack his conviction. To hold otherwise would be to place the indigent defendant in a more favorable position than a similarly situated prisoner of some, but not unlimited, means, who presumably would make an evaluation much like that prescribed in § 753 (f) before he spent his own funds for a transcript. [*MacCollum, supra* at 325-326, 328 (emphasis added).]

Defendant also complains that the "good cause" requirement of MCR 6.433(C)(3) is "constitutionally inadequate" because "it is entirely predictable that the judge who heard the trial will refuse to find 'good cause' no matter how compelling the reasons cited in support of the indigent appellant's transcript request." However, while the "good cause" requirement of MCR 6.433(C)(3) differs somewhat from the statutory conditions set forth in 28 USC 753(f), the requirement is not "so arbitrary and unreasonable . . . as to require [its] invalidation" and it "comport[s] with fair procedure[.]" *MacCollum, supra* at 324.

Accordingly, we hold that the requirement in MCR 6.433(C)(3), that a defendant in a postconviction proceeding demonstrate "good cause" in order to be entitled to a transcript of a prior proceeding, is constitutional.[5]

---

[5] We reject defendant's assertion that he made a showing of "good cause" under MCR 6.443(C) sufficient to entitle him to production of the trial transcripts. The record does not support defendant's assertion that he

Defendant also claims that MCR 6.433(C)(3) violates his constitutional right to effective assistance of appellate counsel because, without a transcript, counsel is unable to adequately determine whether any errors occurred at trial. While a criminal defendant has a constitutional right to effective assistance of appellate counsel in a first appeal as of right, *Evitts v Lucey*, 469 US 387, 396; 105 S Ct 830; 83 L Ed 2d 821 (1985), there is no constitutional right to be represented by counsel in a postconviction proceeding under MCR 6.501 *et seq. Kincade, supra* at 481-483. Also, appellate counsel was appointed to represent defendant only in connection with his appeal of the denial of his request for transcripts, not in connection with an appeal of the underlying trial proceedings. Therefore, defendant's ineffective assistance of counsel argument is without merit.

Affirmed.

---

is illiterate or, if so, that any alleged illiteracy was the reason for not previously pursuing an appeal. Moreover, it was not until defendant filed his application for leave to appeal in this Court that he first raised the matter of his alleged illiteracy. In the motion filed in the trial court, defendant did not offer any reason for desiring a transcript, other than a conclusory statement that a transcript was needed "so I can pursue further post-conviction remedies concerning my . . . conviction." This statement was insufficient to justify production of the transcripts. *MacCollum, supra.* Under these circumstances, we believe that defendant has failed to establish the requisite good cause for obtaining a transcript of the trial proceedings.