*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

TONNIE A. JOHNSON,

      Defendant-Appellant.

UNPUBLISHED
October 17, 2019

No. 340782
Wayne Circuit Court
LC No. 13-002503-01-FC

Before: METER, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court's denial of defendant's motion for relief from judgment. A jury convicted defendant of felony murder, MCL 750.316(1)(b), armed robbery, MCL 750.529, and felony firearm, MCL 750.227b. The trial court sentenced defendant to life imprisonment for the felony-murder conviction, 225 months to 60 years of imprisonment for the armed-robbery conviction, and two years of imprisonment for the felony-firearm conviction. In this appeal, defendant argues that the trial court abused its discretion by denying defendant's motion for relief from judgment because defendant's first appellate attorney, Ronald Ambrose, provided ineffective assistance of counsel. We affirm.

## I. BACKGROUND

Defendant's convictions result from her shooting of Kadi Jackson while Kadi was in his vehicle on June 24, 2012, near the MGM Grand Casino in Detroit. At trial, two witnesses testified that defendant informed them of a plan she participated in with one Harvey Baylor to rob Jackson of drugs. According to the witnesses, defendant admitted to them that she pulled a gun on Jackson to steal drugs from him and that she discharged the weapon when he tried to flee.

---

[1] *People v Johnson*, unpublished order of the Court of Appeals, entered January 5, 2018 (Docket No. 340782).

Defendant denied the plan to rob Jackson and claimed that Baylor shot Jackson out of self-defense as Jackson and the passengers in his vehicle became aggressive with him and defendant.

In defendant's first appeal, this Court affirmed defendant's sentences and convictions. *People v Baylor*, unpublished per curiam opinion of the Court of Appeals, issued October 27, 2015 (Docket Nos. 321301 and 321520). In particular, this Court rejected defendant's argument that her trial counsel was ineffective for failing to investigate witnesses, noting:

> Johnson fails to specifically identify the witnesses defense counsel should have called. She fails to indicate what testimony they would have provided but instead makes a cursory allegation that it would have supported her version of how the events unfolded. Johnson provides no affidavits summarizing the witnesses' proposed testimony to support her assertion that their testimony would have been favorable to her. She provides nothing to verify that defense counsel did not attempt to contact or interview these witnesses or, alternatively, that counsel did reach them and determined that their testimony would not be helpful or beneficial to Johnson. As a result, there is no record evidence that any of the alleged witnesses would have given testimony favorable to Johnson or that her counsel did not attempt to contact the witnesses. Therefore, Johnson has not demonstrated that the failure to call these witnesses or to present this evidence deprived her of a substantial defense. The burden was on Johnson to establish the factual predicate for her ineffective assistance of counsel claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Johnson's unsupported allegations are insufficient to demonstrate that she was denied the effective assistance of counsel. [*Id*. at 5.]

While defendant's first appeal was pending, defendant wrote to Ambrose to ask him to obtain affidavits or statements from two witnesses, Tanieka Johnson and Constance Thomas, to support the claims made during defendant's first appeal. Ambrose responded that he did not have access to the witnesses, but recommended that defendant could hire an investigator. Defendant wrote to the Appellate Investigation Project (AIP), asking for help investigating the two witnesses. The Michigan Assigned Appellate Counsel System (MAACS) administered the AIP. Bradley Hall, the Administrator of the MAACS, contacted Ambrose and questioned Ambrose's decision to not investigate Johnson and Thomas. Ambrose responded that he did not believe that either Johnson or Thomas had any useful information because neither witness had come forward earlier. Kathy Swedlow, Deputy Administrator of the MAACS, responded to Ambrose, finding that Ambrose violated Standard 3 of the Minimum Standards for Indigent Criminal Appellate Defense Services[2] by not investigating Johnson and Thomas.

---

[2] Minimum Standard 3 states:

> Counsel should raise those issues, recognizable by a practitioner familiar with criminal law and procedures on a current basis and who engages in diligent legal research, which offer reasonable prospects of meaningful postconviction or appellate relief, in a form that protects where possible the defendant's option to pursue collateral attacks in state or federal courts. If a potentially meritorious

After this Court's denial of defendant's first appeal, defendant, proceeding *in propria persona*, filed a motion in the trial court for relief from judgment. Defendant argued that she was entitled to relief from judgment because Ambrose failed to provide effective assistance of counsel. Defendant asserted that Ambrose's representation was not objectively reasonable because Ambrose failed to do any investigation of the two witnesses premised on his own speculation that such witnesses would not be helpful. Defendant argued that Ambrose's failure to investigate the two witnesses resulted in prejudice because the two witnesses would have testified that Baylor shot Jackson. According to defendant, such testimony would have provided sufficient reasonable doubt for the jury to acquit defendant.

The trial court denied defendant's motion, concluding that, although Ambrose "clearly violated Standard 3 of the minimum standards for indigent criminal appellate defense," defendant did not make an offer of proof of how the violation prejudiced defendant, or how the absence of the two witnesses resulted in defendant's conviction. This appeal followed. Defendant was assigned different counsel for this second appeal.

## II. ANALYSIS

This second appeal is limited to defendant's challenge to the trial court's denial of her motion for relief from judgment. "We review a trial court's decision on a motion for relief from judgment for an abuse of discretion and its findings of facts supporting its decision for clear error." *People v Swain*, 288 Mich App 609, 628; 794 NW2d 92 (2010). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes or makes an error of law." *Id*. at 628-629 (internal citations omitted). Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and law. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *Id*.

"A defendant in a criminal case may move for relief from a judgment of conviction and sentence." *Swain*, 288 Mich App at 629, citing MCR 6.502(A). "The defendant has the burden of establishing entitlement to the relief requested," MCR 6.508(D), specifically, by showing that the error affected the outcome of the proceedings, MCR 6.508(D)(3). "[A] criminal defendant has a constitutional right to effective assistance of appellate counsel in a first appeal as of right." *People v Caston*, 228 Mich App 291, 304; 579 NW2d 368 (1998). "[T]he test for ineffective assistance of appellate counsel is the same as that applicable to a claim of ineffective assistance of trial counsel." *People v Uphaus (On Remand)*, 278 Mich App 174, 186; 748 NW2d 899 (2008). A defendant requesting reversal of an otherwise valid conviction bears the burden of establishing "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that,

---

issue involves a matter not reflected in the trial court record, counsel should move for and conduct such evidentiary hearings as may be required. [Administrative Order No. 2004-6.]

in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).

The trial court found that Ambrose's failure to investigate the two witnesses was objectively unreasonable. We agree with the trial court and the MAACS that Ambrose had a duty to investigate the witnesses and his decision not to do so was objectively unreasonable. See *Trakhtenberg*, 493 Mich at 53-55 (recognizing that a failure to investigate may be objectively unreasonable). We also agree with the trial court, however, that defendant is not entitled to relief. Again, to be entitled to relief, defendant must show not only that her counsel's actions were objectively unreasonable, but that those unreasonable actions had a probable effect on the outcome of the proceedings. Defendant cannot make this latter showing.

Following this Court's order granting defendant's delayed application for leave to appeal, the trial court appointed new appellate counsel for defendant. On February 6, 2018, defendant's second appellate counsel submitted a request for an investigator to the AIP. The AIP granted the request, providing defendant with investigator Desiree Edwards. Defendant submitted several documents related to this investigation to this Court. The documents reveal that Edwards worked with defendant to locate the two witnesses, Johnson and Thomas. In a meeting between Edwards and defendant, defendant also reported that two witnesses from trial, Erica Davis and Taneeka Hamilton, may have wanted to recant their trial testimony. Edwards was able to contact Hamilton, who reported that Baylor was the mastermind of the crime, but that defendant told her directly that she shot Jackson. Edwards attempted to contact Johnson and Thomas multiple times by telephone. A woman that Edwards believed to be Johnson answered one of Edwards's telephone calls, but the woman denied being Johnson. Edwards continued to call Johnson and Thomas, but defendant's new counsel indicated that "it seems unlikely at this point anyone wants to help."

On this record, we are unable to conclude that a reasonable probability exists that, had Ambrose investigated Johnson and Thomas, they would have provided testimony sufficient to undermine defendant's convictions. Accordingly, we affirm the trial court's denial of defendant's motion for relief from judgment. Defendant asks this Court to remand this case with instructions for the trial court to appoint a second investigator. We decline to do so. Defendant has already been provided with an investigator and has not shown that a new investigator would fare any better in procuring the unwilling witnesses or any favorable testimony.

Affirmed.

/s/ Patrick M. Meter
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle