*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 17, 2022

Plaintiff-Appellee,

v

No. 356746
Washtenaw Circuit Court
LC No. 15-000595-FH

STEVEN DARYL HAMIEL, also known as
ROLAND SMITH HARRENT,

Defendant-Appellant.

Before: MURRAY, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

Defendant, who in March 2016 pled *nolo contendre* to several offenses, filed in the circuit court a September 2020 "motion to supply indigent defendant with court transcripts/records." The circuit court denied the motion, and we denied leave to appeal. *People v Hamiel*, unpublished order of the Court of Appeals, entered July 7, 2021 (Docket No. 356746). The Michigan Supreme Court subsequently ordered this Court to consider defendant's appeal by leave granted, and "to address: (1) whether the defendant established good cause for the transcription of additional proceedings, MCR 6.433(C)(3); and if not, (2) what more the defendant was required to allege or provide to establish good cause under the court rule." *People v Hamiel*, 971 NW2d 221 (Mich, 2022). We affirm.

Defendant pleaded *nolo contendere* to the offenses of first-degree home invasion, MCL 750.110a(2); and assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1). In exchange, the prosecution dismissed the charges of assault with a dangerous weapon, MCL 750.82; larceny in a building, MCL 750.360; and second-degree criminal sexual conduct, MCL 750.520c. In March 2016, the circuit court sentenced defendant to 87 months to 20 years imprisonment for the home-invasion offense and 6 to 10 years imprisonment for the assault offense. Defendant did not appeal his convictions or sentences. Approximately four years later, in June 2020, defendant, *in propria persona*, moved the circuit court for certain documents and the transcript of proceedings held in the district and circuit courts so that he could file a delayed application for leave to appeal or a motion for relief from judgment under MCR 6.500 *et seq*. The circuit court denied defendant's motion for failure to establish good cause under

MCR 6.433(C)(3). In September 2020, defendant again moved the circuit court for the transcript of lower court proceedings and certain records. The circuit court again denied defendant's motion in a November 2020 order.

This Court reviews for an abuse of discretion a circuit court's decision to grant a defendant's motion for production of transcripts at public expense. Const 1963, art 1, § 20; *People v Cross*, 30 Mich App 326, 336; 186 NW2d 398 (1971), aff'd 386 Mich 237 (1971). "A trial court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Parrott*, 335 Mich App 648, 656; 968 NW2d 548 (2021) (quotation marks and citation omitted).

MCR 6.433 governs requests that indigent defendants make for documents and transcripts for postconviction proceedings. Specifically, MCR 6.433(A) controls requests for documents and transcripts that are made by indigent defendants who are eligible for an appeal of right, and MCR 6.433(B) controls requests made by indigent defendants who may file an application for leave to appeal. MCR 6.433(C) is dedicated to indigent defendants who are not eligible to file an appeal of right or an application for leave to appeal, and who are instead pursuing other postconviction proceedings.

MCR 6.433(C) governs defendant's motion, as defendant was never entitled to an appeal of right from his March 2016 judgment of sentence because he entered a plea of *nolo contendere*. See MCR 7.203(A)(1)(b) (this Court has jurisdiction over an appeal of right from a final judgment of the circuit court except in criminal cases in which the conviction is based on a plea *nolo contendere* or guilty). Defendant could have pursued an appeal by leave pursuant to MCR 7.203(B)(1) because MCR 7.203(B)(1) specifically permits this Court to grant leave to appeal from judgments of the circuit court that are not final judgments appealable by right. However, defendant never did so and is no longer eligible to do so because the time for filing an application for leave has expired. MCR 7.205(A)(2)(a) (providing that applications for leave to appeal must be filed within six months after entry of the judgment appealed from). Because defendant is not eligible to file an appeal of right or an application for leave to appeal, MCR 6.433(C) governs.

MCR 6.433(C) provides as follows:

> An indigent defendant who is not eligible to file an appeal of right or an application for leave to appeal may obtain records and documents as provided in this subrule.
>
> (1) The defendant must make a written request to the sentencing court for specific court documents or transcripts indicating that the materials are required to pursue postconviction remedies in a state or federal court and are not otherwise available to the defendant.
>
> (2) If the documents or transcripts have been filed with the court and not provided previously to the defendant, the clerk must provide the defendant with copies of such materials without cost to the defendant. If the requested materials have been provided previously to the defendant, on defendant's showing of good cause to the court, the clerk must provide the defendant with another copy.

(3) *The court may order the transcription of additional proceedings if it finds that there is good cause for doing so.* After such a transcript has been prepared, the clerk must provide a copy to the defendant.

(4) Nothing in this rule precludes the court from ordering materials to be supplied to the defendant in a proceeding under subchapter 6.500. [Emphasis added.]

There appears to be no dispute that defendant was indigent and that none of the transcripts of the hearings have ever been transcribed. Therefore, the sole focus is whether, pursuant to MCR 6.433(C)(3), defendant provided the circuit court with "good cause" to compel the production of transcripts of lower court proceedings.

Neither this Court nor the Supreme Court has explicitly defined what "good cause" entails under MCR 6.433(C)(3). The Supreme Court briefly addressed the term in an order in *People v Russell*, 469 Mich 1044 (2004). In *Russell*, the Court denied a defendant's application for leave to appeal "without prejudice to defendant's refiling . . . his motion for relief from judgment, accompanied by a request, pursuant to MCR 6.433(C)(3), for an order directing transcription of the plea proceeding that the record indicates was conducted on January 22, 1993." In its order, the Court held that "[d]efendant's limited mental abilities and his claim that he was not privy to the plea agreement would appear to support a finding of good cause to direct preparation of the transcript, if possible." *Id*. The *Russell* Court did not provide any further explanation regarding what constitutes "good cause" under MCR 6.433(C)(3), and only "Supreme Court orders that include a decision with an understandable rationale establish binding precedent." *People v Giovannini*, 271 Mich App 409, 414; 722 NW2d 237 (2006).

This Court briefly addressed the term "good cause" in *People v Caston*, 228 Mich App 291; 579 NW2d 368 (1998). In *Caston*, the defendant did not pursue an appeal of right or timely file an application for leave to appeal after he was convicted and sentenced. Two years after being sentenced, the defendant, *in propria persona*, moved the circuit court for "copies of all lower court documents and transcripts of all lower court proceedings." *Id*. at 293. The circuit court granted the defendant's request for copies of lower court documents but denied the defendant's request for transcripts. *Id*. The circuit court held that, pursuant to MCR 6.433(C), the defendant failed to provide good cause for the preparation of the transcripts at public expense. *Id*.

On appeal, this Court rejected the defendant's argument that he met the "good cause" requirement under MCR 6.433(C) for the production of his trial transcripts at public expense:

The record does not support defendant's assertion that he is illiterate or, if so, that any alleged illiteracy was the reason for not previously pursuing an appeal. Moreover, it was not until defendant filed his application for leave to appeal in this Court that he first raised the matter of his alleged illiteracy. In the motion filed in the trial court, defendant did not offer any reason for desiring a transcript, other than a conclusory statement that a transcript was needed 'so I can pursue further post-conviction remedies concerning my . . . conviction.' This statement was insufficient to justify production of the transcripts. [*Id*. at 303 n 5.]

*Caston* at least highlights that courts must look at two factors when reviewing for "good cause." First, courts must look at the reasons defendant provided for not pursuing an appeal. See *id*. Defendant must explain the reason for failing to pursue an appeal, and there must be support for his assertions. See *id*. Second, courts must determine whether defendant is offering something more than a conclusory statement regarding why the transcript of proceedings is necessary. See *id*. Bald assertions that the transcripts are needed to pursue postconviction proceedings are insufficient. See *id*.

Applying *Caston*, defendant failed to provide good cause for the production of transcripts at public expense. First, defendant failed to provide any supporting explanation for his reason for not pursuing an appeal. See *id*. In his September 2020 motion for transcripts and records, defendant indicated that he never pursued any sort of appeal or postconviction relief because of his mental health issues, his limited reading ability, or both. However, there is nothing in the record to support defendant's assertion. Moreover, defendant failed to provide the circuit court with any evidence, such as an affidavit or medical records, in support of his assertion.

Additionally, defendant failed to provide something more than mere conclusory statements in support of his request for the production of transcripts. See *id*. In fact, in his September 2020 motion, defendant only offered conclusory statements regarding his desire for the transcript of proceedings. Defendant first indicated that he needed the transcripts because he intended to file a motion for relief from judgment, in which he intended to argue that his plea was not made knowingly and intelligently because of "malicious prosecution," fraud upon the court, and the prosecution's failure to submit evidence. Defendant also indicated that he would raise the issue of ineffective assistance of counsel because defense counsel withheld material evidence from him.[1] However, defendant never explained *how* and *which* transcripts would help him pursue those claims in a postconviction motion for relief from judgment. Additionally, this Court fails to see a connection between the arguments that defendant intends to make and the need for transcripts. If defendant's main contention is that the prosecution and defense counsel withheld evidence from him and the circuit court, it is unclear how the circuit court's records and transcripts would prove that evidence was in fact withheld, given that the evidence would not be in any court record.

In his September 2020, motion defendant also stated that he intended to file an application for leave to appeal or a motion for relief from judgment because of newly discovered information or errors that were in the records or transcripts. However, this statement on its face is a conclusory statement, comparable to the defendant's statement in *Caston*, 228 Mich App at 303 n 5, that the transcripts were needed to pursue postconviction remedies.

---

[1] Defendant made several additional ineffective assistance of counsel arguments in his reply brief in the Supreme Court and his brief on appeal in this Court in support of his request to provide him the transcripts of the hearings. However, defendant's statements in those briefs were not the good cause that defendant provided to the circuit court in his September 2020 motion for the production of records and transcripts.

We hold that the trial court did not abuse its discretion in concluding that defendant failed to establish good cause for the production of transcripts under MCR 6.433(C)(3).

Affirmed.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron