*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HOOPER JACKSON PARSLEY,

        Defendant-Appellant,

and

MICHIGAN APPELLATE ASSIGNED COUNSEL
SYSTEM,

        Intervenor.

UNPUBLISHED
February 18, 2025
10:17 AM

No. 365945
Kent Circuit Court
LC No. 14-010337-FH

Before: SWARTZLE, P.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendant requested that the trial court order the production of transcripts at public expense from a mistrial. The trial court denied defendant's request. We affirm.

In 2015, defendant was convicted of three counts of third-degree criminal sexual conduct. An earlier trial had ended in mistrial when a prosecution witness answered a question by referring to defendant's criminal history, which the trial court had earlier instructed the parties not to discuss, and defense counsel accordingly requested a mistrial.

After defendant's conviction, his appellate attorney requested various transcripts, including the two days of transcripts from the mistrial. In making the request for the mistrial transcripts, appellate counsel did not indicate that these were required to pursue an appeal of right under MCR 6.433(A). The trial court provided the additional requested transcripts, except for the mistrial transcripts. The trial court explained that it was not ordering that the mistrial transcripts be prepared, but stated, "If there is some reason the two days of transcript from the mistrial is necessary for this appeal on this matter, you may provide that for my consideration either in letter form or you may file a motion to be heard any Friday morning at 8:30 a.m." Defendant did not

-1-

request the mistrial transcripts again, and his convictions were ultimately affirmed. See *People v Parsley*, unpublished per curiam opinion of the Court of Appeals, issued April 24, 2018 (Docket No. 327924).

Since February 2019, defendant has sought the mistrial transcripts, filing several requests and applications for leave to appeal in this Court. Defendant's motions to prepare the mistrial transcripts at public expense have been denied. In July 2021, defendant claimed for the first time that the transcripts "may contain information that the second trial was barred by the Double Jeopardy clause of the United States Constitution." The trial court again denied defendant's request, noting that it did not find good cause from defendant's "single vague allegation which could apply to any case [involving a mistrial]" and was "made for the first time six years after the mistrial."

In March 2023, defendant's pro bono counsel moved to produce the transcripts under MCR 6.433(C) after obtaining affidavits from defendant and his codefendant about what happened during the mistrial proceedings. Defendant argued that the mistrial transcripts were necessary to "determin[e] whether the prosecutor intended to goad the defendant into moving for a mistrial."

In his affidavit, defendant asserted that the trial court had, before the first trial, ordered the parties not to present evidence about defendant's criminal history. The prosecutor, however, asked a witness a question that "could only be answered by" referring to defendant's criminal history, and the witness testified that she saw defendant on the sex offender registry. Trial counsel objected and requested a mistrial. His codefendant asserted in his affidavit that the jury was "favorable" to the defense, and he "believed that the trial was going well for [defendants] with that jury."

In response, the prosecutor left defendant's motion to the trial court's discretion, but noted that the transcripts would likely show that the witness's improper answer was unresponsive to the prosecutor's question. The trial court denied defendant's motion, finding that good cause did not exist for defendant to compel the trial court to produce the mistrial transcripts.

Defendant applied for leave to appeal that decision in this Court. After this Court denied defendant's application for leave to appeal, our Supreme Court remanded the case to this Court for consideration as on leave granted. *People v Parsley*, 513 Mich 1103; 6 NW3d 374 (2024).

Defendant argues that he demonstrated good cause for production of the mistrial transcripts, and, accordingly, the trial court abused its discretion by refusing his request. We review for an abuse of discretion a trial court's decision to grant a defendant's motion for production of transcripts at public expense. Const 1963, art 1, § 20; *People v Cross*, 30 Mich App 326, 336; 186 NW2d 398 (1971), aff'd 386 Mich 237 (1971). "A trial court abuses its discretion when it chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Parrott*, 335 Mich App 648, 656; 968 NW2d 548 (2021) (cleaned up). See also *United States v MacCollom*, 426 US 317, 324; 96 S Ct 2086; 48 L Ed 2d 666 (1976).

MCR 6.433(C) provides how an indigent defendant, who is not eligible to appeal by right or to file an application for leave to appeal, may obtain records. After the defendant makes a written request to the trial court, indicating that the requested materials are necessary for postconviction remedies and are not otherwise available, "[t]he court may order the transcription

of additional proceedings if it finds that there is good cause for doing so." MCR 6.433(C)(1) and (3).

Neither this Court nor our Supreme Court has explicitly defined what constitutes "good cause" under MCR 6.433(C)(3). In *People v Caston*, 228 Mich App 291, 303 n 5; 579 NW2d 368 (1998), this Court rejected the defendant's argument that he met this "good cause" requirement when he "did not offer any reason for desiring a transcript, other than a conclusory statement that a transcript was needed" for him to pursue postconviction remedies. The defendant also did not support his assertion that he was illiterate or "that any alleged illiteracy was the reason for not previously pursuing an appeal." *Id.* In *People v Russell*, 469 Mich 1044, 1044; 679 NW2d 70 (2004), our Supreme Court denied an application for leave to appeal a decision of this Court without prejudice to defendant filing a motion for relief from judgment and a request under MCR 6.433(C)(3) for transcripts. The Court noted that the "[d]efendant's limited mental abilities and his claim that he was not privy to the plea agreement would appear to support a finding of good cause to direct preparation of the transcript." The Court did not, however, provide further explanation regarding what constitutes "good cause" under this court rule.

In this case, the trial court's denial of defendant's request for the transcripts was not outside the range of reasonable and principled outcomes. First, when defendant appealed by right his conviction, neither he nor his appellate counsel responded to the trial court after it offered an opportunity to provide a written reason for the preparation of the mistrial transcripts. Defendant has not offered any plausible explanation for why neither he nor his original appellate counsel failed to request the transcripts at that point, and defendant does not offer as "good cause" ineffective assistance of appellate counsel. Defendant has not, therefore, identified a characteristic of defendant or counsel that constitutes good cause. See, e.g., *Russell*, 469 Mich at 1044.

Instead, defendant now relies on a potential double-jeopardy claim. A defendant does not waive a double-jeopardy claim if a motion for mistrial was the result of intentional prosecutorial conduct. *People v Dawson*, 431 Mich 234, 253; 427 NW2d 886 (1988). Defendant supports this claim by pointing to the pretrial ruling that the parties not raise defendant's criminal history; a question by the prosecutor that appears to have only been answerable by alluding to defendant's prior criminal conviction; and alleging that the original trial was going well, in defendant's favor.

It appears, however, that defense counsel asked for the mistrial and, beyond an assertion that the prosecutor's question to the witness could only be answered by presenting evidence of defendant's criminal history, there is no evidence that the prosecutor intentionally questioned the witness about inadmissible evidence. In defendant's original appeal, the trial court offered to produce the mistrial transcripts if the original appellate counsel requested them. The original appellate counsel did not request the transcripts, and neither counsel nor defendant made a double-jeopardy argument in the first appeal.

Defendant did not raise the double-jeopardy issue as a basis to request the mistrial transcripts until approximately six years after his conviction. Defendant and his codefendant wrote their affidavits approximately eight years postsentencing. Defendant's conclusory statement that the prosecutor possibly asked a question to lead to a mistrial was insufficient to require production of the transcripts. Likewise, his codefendant's vague opinion that the jury was favorable to them does not require production of the transcripts. See *Caston*, 228 Mich App at 303 n 5. Although

the trial court had discretion to order the transcripts, it was a reasonable and principled decision to decline to order the transcripts under MCR 6.433(C).

Affirmed.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray